```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
INTERNATIONAL SECURITIES               :
EXCHANGE, LLC,                         :
                                       :
                 Plaintiff,            :
                                       :
        -against-                      :   06 Civ. 13445 (RMB)(THK)
                                       :
                                       :
CHICAGO BOARD OPTIONS EXCHANGE         :   MEMORANDUM OPINION AND
INCORPORATED,                          :          ORDER
                                       :
                                       :
                 Defendant.            :
                                       :
---------------------------------------X
```
**THEODORE H. KATZ, United States Magistrate Judge**.

This patent infringement action was referred to this Court for general pretrial supervision. Defendant Chicago Board Options Exchange, Inc. ("CBOE") has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action, brought by Plaintiff International Securities Exchange, LLC ("ISE"), from the Southern District of New York to the Northern District of Illinois. CBOE argues, <u>inter alia</u>, that the events giving rise to the Complaint have no connection to the Southern District of New York, and that most of the relevant documents and witnesses are located in the Northern District of Illinois. (<u>See</u> Defendant's Memorandum of Law in Support of Motion to Transfer Venue to Northern District of Illinois, dated Feb. 5, 2007 ("Def.'s Mem."), at 2.) ISE contends that CBOE has failed to meet its burden justifying a change of venue, and that its choice of forum should not be disturbed. (<u>See</u> Plaintiff's Memorandum of Law in Opposition to Defendant's Motion

to Transfer Venue to the Northern District of Illinois, dated Feb. 20, 2007 ("Pl.'s Mem."), at 5.)  For the following reasons, Defendant's motion is granted.

I.   Factual Background

ISE is a Delaware corporation with its principal place of business at 60 Broad Street, New York, New York.  CBOE is a Delaware corporation with its principal place of business at 400 South LaSalle Street, Chicago, Illinois. (See Complaint, filed Nov. 22, 2006 ("Compl."), ¶¶ 2-3.)

ISE is the owner of United States Patent No. 6,618,707 ("the Patent"), which concerns "an automated exchange for trading a financial instrument and a process for trading a financial instrument on an automated exchange." (See Compl. ¶ 7.)  ISE claims that CBOE "infringed, contributed to the infringement by others of, or actively induced infringement by others" the Patent by "making, using, selling, offering to sell, or causing to be sold" the CBOE Hybrid System, and its component, the Ultimate Matching Algorithm (collectively the "Hybrid System"), which concern an exchange for trading a financial instrument.  (See id. ¶¶ 8, 10.)

II.  Standard for Transfer of Venue

Motions for a change of venue are governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought."  If a court determines that the action could have been brought in the transferee court, it must then consider the convenience of the parties and witnesses, and the interests of justice, to resolve whether the transfer is warranted. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006); Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc., Nos. 06 Civ. 1942 (HB), 06 Civ. 2025 (HB), 06 Civ. 2659 (HB), 06 Civ. 2916 (HB), 06 Civ. 2918 (HB), 06 Civ. 3106 (HB), 06 Civ. 3653 (HB), 2006 WL 1524590, at *3 (S.D.N.Y. June 5, 2006)(citing Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)).

    A.   The Action Could Have Been Brought in the Northern District of Illinois

CBOE's principal place of business is Chicago, Illinois (see Compl. ¶ 3; Def.'s Mem., at 2-3), thus it is subject to personal jurisdiction in the Northern District of Illinois and venue is proper there. See 28 U.S.C. § 1400(b); 28 U.S.C. § 1391(c);[1] see also Fuji Photo Film, 415 F. Supp. 2d at 373 (citing Walker v. Jon Renau Collection, Inc., 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005)); Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 194-95 (S.D.N.Y. 2000); Invivo Research, Inc. v. Magnetic Resonance Equip.

---

[1] 28 U.S.C. § 1400(b) governs venue in patent infringement actions and provides that such actions "may be brought in the judicial district where the defendant resides . . ."  A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Corp., 119 F. Supp. 2d 433, 437 (S.D.N.Y. 2000). Moreover, ISE does not dispute that this action could have been brought in the Northern District of Illinois. Thus, the remaining inquiry is whether the convenience of the witnesses and parties, and the interests of justice, weigh in favor of a change in venue.

    B.    <u>The Balancing of Factors Weigh in Favor of Transfer</u>

When considering a motion for transfer, a court must balance "private interest factors," including the convenience of the litigants and "all other practical problems that make trial of a case easy, expeditious and inexpensive," and "public interest factors," which include the administrative and jurisdictional interests of the districts involved. See Iragorri v. United Technologies Corp., 274 F .3d 65, 74 (2d Cir. 2001)(en banc). In analyzing the balance of conveniences, a court should consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., 462 F.3d at 106-07 (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). As to the public interest factors, a court should consider the transferee court's familiarity with the governing law, as well as trial efficiency and the interests of

4

justice.  See Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp., No. 06 Civ. 7672 (LTS)(GWG), 2007 WL 163111, at *2 (S.D.N.Y. Jan. 22, 2007) (citing Pilates, Inc. v. Pilates Instit., Inc., 891 F. Supp. 175, 183 (S.D.N.Y. 1995)); accord Cook v. UBS Financial Servs., Inc., No. 05 Civ. 8842 (SHS), 2006 WL 760284, at *6 (S.D.N.Y. Mar. 21, 2006); Mears v. Montgomery, No. 02 Civ. 0407 (BSJ) (MHD), 2004 WL 964093, at *8 (S.D.N.Y. May 5, 2004).  These factors need not be accorded equal weight, and a court may consider other factors as well.  Hummingbird USA, 2007 WL 163111, at *2 (citing Malone v. Commonwealth Edison Co., 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998)).  The burden is on the movant to make a "clear and convincing showing" that there should be a change in forum. Montgomery v. Tap Enterp., Inc., No. 06 Civ. 5799 (HB), 2007 WL 576128, at *2 (S.D.N.Y. Feb. 26, 2007) (quoting Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, 829 F. Supp. 62, 66 (S.D.N.Y. 1993)); see also Wildwood Imports v. M/V ZIM SHANGHAI, No. 04 Civ. 5538 (MBM), 2005 WL 425490, at *3 (S.D.N.Y. Feb. 20, 2005).  "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir.), cert. denied 537 U.S. 1028, 123 S. Ct. 556 (2002) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)).

    1.    Convenience of Witnesses

    Convenience of witnesses "is probably the single-most

important factor in the analysis of whether transfer should be granted." Cower v. Albany Law School of Union Univ., No. 04 Civ. 0643 (DAB), 2005 WL 1606057, at *2 (S.D.N.Y. July 8, 2005) (internal quotation marks omitted); accord Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc., No. 05 Civ. 4741 (DC), 2005 WL 3367044, at *4 (S.D.N.Y. Dec. 12, 2005). In considering the convenience of the witnesses, a court "must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." Houlihan Lokey Howard & Zukin Capital, Inc., 2006 WL 2927176, at *4 (citing Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001)). In the context of a patent infringement suit, a court should give particular consideration to individuals who can testify about the technology of the allegedly infringing inventions. Cf. Kwik Goal, Ltd. v. Youth Sports Pub., Inc., No. 06 Civ. 395 (HB), 2006 WL 1517598, at *4 (S.D.N.Y. May 31, 2006) (citing AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004) (stating that in a copyright infringement action, "the key witnesses, . . . , are those officers and employees who were involved in the design, production, and sale" of the allegedly infringing products)); Fuji Photo Film Co., Ltd., 415 F. Supp. 2d at 373 ("The key issues in a patent infringement suit involve the technology of the inventions claimed in the patents-in-suit.").

ISE has identified two witnesses who it intends to call: Gary Katz, the Chief Operating Officer of ISE, who is the sole inventor named on the Patent, and Stephen J. Lieb, Esq., who "assisted with preparation and prosecution of the applications that led to the Patent." (See Pl.'s Mem., at 8; Declaration of Gary Katz, dated Feb. 20, 2007 ("Katz Decl."), ¶¶ 5-6.) Katz and Lieb both work in New York City. (See Katz Decl. ¶¶ 5-6.)

CBOE has identified three groups of witnesses, all of whom reside in Illinois. The first group is comprised of six individuals, three of whom are non-party witnesses, who were involved in the development, implementation and operation of the Hybrid System, and all of whom are listed as inventors on the patent application for the Hybrid System. (See Def.'s Mem., at 10-11; Declaration of Mark Esposito, dated Feb. 2, 2007; Declaration of Anthony J. Carone, dated Feb. 2, 2007; Declaration of Stuart Kipnes, dated Feb. 2, 2007; Declaration of Edward T. Tilly, dated Feb. 5, 2007; Declaration of Eileen C. Smith, dated Feb. 2, 2007; Declaration of Anthony Montesano, dated Feb. 2, 2007.) The second group includes fourteen non-party witnesses who were "primarily involved with the development and implementation" of one or more of the electronic trading systems used by Defendant prior to the implementation of the Hybrid System.[2] (See Def.'s Mem., at 7;

---

[2] These systems, in place between 1985 and 2003, include: (1) the Retail Automatic Execution System ("RAES"); (2) the Electronic Book ("Ebook"); (3) the Order Routing System ("ORS")

Declaration of Larry Pfaffenbach in Support of Defendant's Motion to Transfer, dated Feb. 5, 2007, at 2-3.) In the third group are twenty-two individuals, all of whom are non-party witnesses, who served on the CBOE committee responsible for the development and implementation of the Hybrid System. (See Def.'s Mem., at 8-9.)

While, as ISE suggests, CBOE appears to have proffered many witnesses who might give duplicative or arguably immaterial testimony, CBOE clearly has more than a handful of witnesses whose testimony is likely to be material to the central question at issue: whether the Hybrid System infringes on Plaintiff's Patent. See Kwik Goal, Ltd., 2006 WL 1517598, at *4 ("key witnesses [in copyright infringement claim" will be those [] employees who designed the allegedly infringing website"). It appears that, unlike ISE's Patent, the Hybrid System patent was the work of several people, all of whom appear to live in Illinois.

Given the materiality of testimony regarding the allegedly infringing patent, and the fact that every witness who could testify with respect to that patent resides or works in the Northern District of Illinois, the Court finds that this factor strongly favors transfer. See Credit Suisse Securities (USA) LLC v. Hilliard, 469 F. Supp. 2d 103, 112 (S.D.N.Y. 2007) (that "a significant number of witnesses" live in the transferee state weighs in favor of transfer").

---

and (4) CBOEDirect.  (See Def.'s Mem., at 6-7.)

2.   Availability of Process to Compel Attendance of Witnesses

Availability of compulsory process "is an important consideration in transfer motions." Brasseler USA Dental, L.L.C. v. Discus Dental, Inc., No. 04 Civ. 9404 (NRB), 2005 WL 1765706, at *4 (S.D.N.Y. July 25, 2005) (quoting Arrow Elecs. v. Ducommun, Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989); accord Billing v. Commerce One, Inc., 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002).  While neither party has identified any witnesses who would refuse to appear in either forum, the bulk of Defendant's witnesses are non-party witnesses.  These non-party witnesses are not subject to subpoena power in New York, but are subject to such authority in Chicago. See Fed. R. Civ. P. 45(b)(2) (district court can enforce a trial subpoena served on a witness within the judicial district of the court, or within 100 miles of the court).  Defendant has a strong interest in presenting live testimony from its witnesses. See Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. LaFarge N. America, Inc., 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007) (finding that deposition testimony would "clearly be second-best to [the witnesses'] live testimony").

Thus, this factor strongly weighs in favor of transfer.

3.   Location of relevant documents

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor

9

of transfer to that location." Fuji Photo Film Co., Ltd., 415 F. Supp. 2d at 374 (quoting Millennium, L.P. v. Hyland Software, Inc., No. 03 Civ. 3900 (DC), 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003)). Neither side, however, has provided any information about the volume of records to be produced and the costs of doing so; thus, the Court concludes that this factor is neutral. See Hummingbird USA, 2007 WL 163111, at *3 (defendant's argument about the location of relevant documents fails because it fails "to identify a single document it would require that is bulky or difficult to transport"); Kiss My Face Corp. v. Bunting, No. 02 Civ. 2645 (RCC), 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003) ("[G]iven Defendant's failure to provide the Court with the nature and volume of the documents she plans to use in support of her case, or the difficulty in transporting such documents, this factor weighs against transfer."); Royal Ins. Co. of America v. Tower Records, Inc., No. 02 Civ. 645 (RCC), 2002 WL 31385815, at *6 (S.D.N.Y. Oct. 22, 2002) ("defendant's assertion that documents are located in the proposed transferee forum is entitled to little weight unless the defendant makes a detailed showing as to the burden it would incur absent transfer").

    4. <u>Convenience of Parties</u>

ISE is headquartered in New York, and has no presence in Chicago. (See Pl.'s Mem., at 2-3.) CBOE is headquartered in Chicago, and although it operates a three-person office in New

10

York, none of the employees in that office has any knowledge about the issues in this case. (See Def.'s Mem., at 17.)  To some extent, both parties will be inconvenienced by having to travel to the forum of their opponent's choosing.  Thus, this factor is neutral. See Findwhat.com v. Overture Servs., Inc., No. 02 Civ. 447 (MBM), 2003 WL 402649, at *6 (where both parties were headquartered in different states, court found each would be inconvenienced "to some degree" by being required to travel to another forum).

    5.   Locus of Operative Facts

The locus of the operative facts is "traditionally an important factor to be considered in deciding where a case should be tried." Royal Ins. Co. of America, 2002 WL 31385815, at *4 (citing 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994)). In patent infringement cases, the locus of operative facts "usually lies where the allegedly infringing product was designed, developed, and produced." Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 331 (E.D.N.Y. 2006) (citing Invivo Research, Inc., 119 F. Supp. 2d at 439)); accord I Create Intern., Inc. v. Mattel, Inc., No. 03 Civ. 3993 (JFK), 2004 WL 1774250, at *3 (S.D.N.Y. Aug. 9, 2004); Millennium, L.P. v. Dakota Imaging, Inc., No. 03 Civ. 1838 (RWS), 2003 WL 22940488, at *7 (S.D.N.Y. Dec. 15, 2003); Bristol-Myers Squibb Co. v. Andrx Pharmaceuticals, LLC, No. 03 Civ. 2503 (SHS), 2003 WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003).

In the instant case, there is no dispute that the Hybrid System "was designed, developed, and produced" in Chicago. Moreover, "[i]t is also relevant that the designers, developers,. . . of the allegedly infringing patent are employed in the transferee forum." Bristol-Myers Squibb Co., 2003 WL 22888804, at *3. ISE argues, however, that because CBOE has raised the validity of its Patent as an affirmative defense, the locus of operative facts is New York. (See Pl.'s Mem., at 8.) This argument ignores the fact that CBOE's challenge to the Patent's validity appears to be based upon demonstrating that three Chicago-based exchanges were utilizing systems and processes claimed in the Patent, prior to the Patent being filed. (See Def.'s Mem., at 11-12 (arguing that the trade execution systems of the national Stock Exchange, Chicago Board of Trade and Chicago Stock Exchange, constitute prior art that include features claimed in the Patent).)

Because the allegedly infringing trading execution system was conceived and created in Chicago, and Defendant's patent validity challenge requires demonstration of prior art located in Chicago, the Court concludes that the locus of operative facts is Chicago, and that this factor weighs towards transfer.

    6.   <u>Relative Means of the Parties</u>

The parties have not alleged any disparity in their relative economic means that would favor prosecuting the action in either forum, thus this factor is neutral. Compare Coast to Coast

12

Fabrics, Inc. v. Exact Change Only Corp., No. 04 Civ. 7300 (DAB), 2006 WL 846716, at *5 (S.D.N.Y. Mar. 29, 2006) ("[w]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered") (quoting Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1988)). Moreover, the relative means of the parties is entitled to little weight where both parties are corporations. See Hummingbird USA, 2007 WL 163111, at *3 (citing Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc., No. 00 Civ.1971 (AGS), 2000 WL 1290585, at *8 (S.D.N.Y. Sept. 13, 2000)). Therefore, this factor is neutral.

   7.   Plaintiff's Choice of Forum

"A plaintiff's choice of forum should not be altered 'unless the balance of factors weighs strongly in favor of transfer.'" Kwik Goal, 2006 WL 1517598, at *2 (quoting Caville v. Malibu Toys, Inc., No. 03 Civ. 9727 (SAS), 2004 WL 1516799, at *2 (S.D.N.Y. July 7, 2004)).  However, ISE's choice of forum is accorded less weight when the operative facts of the litigation have little material connection with the chosen forum.  See Rephen v. Pitzele, No. 05 Civ. 7511 (CM), 2006 WL 37170, at *2 (S.D.N.Y. Jan. 3, 2006); Foot Locker Retail, Inc. v. SBH, Inc., No. 03 Civ. 5050 (DAB), 2005 WL 91306, at *9 (S.D.N.Y. Jan. 18, 2005).

As discussed, the operative facts of this litigation – namely the alleged infringement of Plaintiff's patent – arise in Chicago.

13

Thus, ISE's choice of forum does not weigh heavily against transfer. See Dakota Imaging, Inc., 2003 WL 22940488, at *8 (that "neither the design and development of the allegedly infringing product, nor a single sale, took place within the Southern District of New York" supported transfer); Bionx Implants, Inc. v. Biomet, Inc., No. 99 Civ. 740 (WHP), 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999) (where, inter alia, allegedly infringing technology was developed, and the creators of the allegedly infringing technology lived, in the transferee state, plaintiff's choice of forum did not override other factors favoring transfer).

    8.    Familiarity with Governing Law

Patent law is federal law and "any district court may handle a patent case with equal skill." Dakota Imaging, Inc., 2003 WL 22940488, at *8 (quoting Bionx Implants, 1999 WL 342306, at *5). Thus, this factor is neutral.

    \*    \*    \*    \*

Taking into account the relevant factors, the Court finds that the balance of conveniences weighs towards a transfer of the action.

    9.    Interests of Justice

On January 31, 2007, CBOE filed a declaratory judgment action in the Northern District of Illinois. (See Chicago Board Options Exchange's Reply in Support of Motion to Transfer Venue, dated Feb. 27, 2007 ("Def.'s Reply Mem."), at 9.) That action involves the

Patent, as well as two other ISE patents that ISE offered to license to Defendant. (See id.) CBOE urges that "[t]ransfer would promote judicial economy and transfer would not burden either party because both actions are in their infancy." (Def.'s Mem., at 20.) The Court agrees. "It would be inefficient and a waste of judicial resources to subject the same parties to suit over two interconnected claims concerning identical technology and underlying disputes in two separate fora." Mastercard Int'l Inc. v. Lexcel Solutions, Inc., No. 03 Civ. 7157 (WHP), 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004).[3]

Plaintiff suggests that the instant action should not be transferred because the Northern District of Illinois may dismiss

---

[3] ISE makes reference to the fact that it filed its patent infringement action before CBOE filed its declaratory judgment action (see Pl.'s Mem., at 1, 15.), while not expressly invoking the "first-filed rule" – the rule that "an action will normally remain in the jurisdiction in which it was first filed." Findwhat.com, 2003 WL 402649, at *4.  Defendant argues that the rule is not applicable in the instant case "because the issues in the two cases are different. The Chicago case involves two ISE patents not involved in this action." (See Def.'s Reply Mem., at 9 n. 8.)

Regardless of whether the rule would apply, "[d]istrict courts need not slavishly adhere to the first filed rule." Aerotel, Ltd., 100 F. Supp. 2d at 196.  A showing that the above-discussed transfer factors favor transfer can justify an exception to the rule, particularly when there has been "[a] lack of progress in either litigation." Findwhat.com, 2003 WL 402649, at *4 (quoting Invivo Research, 119 F. Supp. 2d at 441).  As discussed, the balance of relevant factors – particularly the convenience of witnesses and locus of operative facts – weighs in favor of transfer.  In addition, both actions are in the early stages of litigation, further justifying a departure from the rule.

15

the pending declaratory judgment action for lack of personal jurisdiction over Plaintiff. (See Pl.'s Mem., at 15.)  In support of this contention, Plaintiff cites Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189 (S.D.N.Y. 2000), a case where the court found that the possibility that a declaratory judgment action filed in the transferee district could be dismissed for lack of jurisdiction militated against transfer.  However, unlike this action, the Aerotel court also found that all convenience factors were either neutral or weighed in favor of the plaintiff's chosen forum.  The Aerotel Court ultimately concluded that the potential that the declaratory judgment matter would be dismissed weighed against transfer, but it did not mandate that the matter not be transferred.  Inasmuch as Plaintiff apparently has been involved in other litigation in the transferee district (see Def.'s Reply Mem., at 9) (noting that ISE engaged in unrelated litigation in Illinois state courts), and the other convenience factors strongly favor transfer, the Court does not find the possibility that the declaratory judgment action might be dismissed to be of countervailing weight.

## CONCLUSION

For the reasons set forth above, Defendant's motion to transfer venue to the Northern District of Illinois is granted. However, to preserve the jurisdiction of the District Judge to conduct review of this ruling pursuant to 28 U.S.C. § 636(b)(1) and

16

Rule 72(a) of the Federal Rules of Civil Procedure, should Plaintiff file objections, transfer of the matter is stayed until the time for filing objections has passed or the disposition by the District Judge of any timely-filed objections to this Opinion and Order.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: May 24, 2007
       New York, New York

17